UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GARY GREEN | § | CIVIL ACTION NO._____ |
| *Plaintiffs* | § | |
| vs. | § | JURY DEM ANDED |
| | § | |
| SWIFT TECHNICAL SERVICES LLC, | § | |
| SWIFT WORLDWIDE RESOURCES | § | |
| LIMITED AND AIRSWIFT HOLDINGS | § | |
| LIMITED | § | |
| *Defendant* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### I.  SUMMARY

1. Gary Green ("Plaintiff") brings this action against Swift Technical Services LLC, Swift Worldwide Resources Limited and Airswift Holdings Limited ("Defendants") for failing to pay overtime wages as required by the Fair Labor Standards Act (FLSA). *See* 29 U.S.C. § 201, *et seq.*

### II.  THE PARTIES, JURISDICTION AND VENUE

2. Plaintiff is a current employee of Defendants who resides in Brazoria County, Texas, and the Southern District of Texas.

3. Defendants have offices and do business in the Southern District of Texas, Galveston Division.

   a. Defendant Swift Technical Services LLC can be served through its registered agent CT Corporation System, 350 N. St. Paul., Ste. 2900, Dallas, Texas 75201.

   b. Defendant Swift Worldwide Resources Limited LLC can be served through its registered agent CT Corporation System, 350 N. St. Paul., Ste. 2900, Dallas, Texas 75201.

1

    c.   Defendant Airswift Holdings Limited can be served through its CEO, Peter Searle, at 3050 Post Oak Blvd. #1450, Houston, Texas 77056.

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the action involves a federal question under the FLSA.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 (b) or (c) and because Defendants do business in Brazoria County, Texas which is in the Southern District of Texas-Galveston Division.

### III.   THE FACTS

6. Defendants specialize in global workforce solutions for the energy, process and infrastructure industries. Their employees handle a wide variety of goods and/or services that have moved in interstate commerce.

7. Defendants are located and do business in numerous states, including Texas. Their annual gross revenues exceed $500,000.00.

8. Plaintiff has been continuously employed by Defendants as a Safety Representative within the past 3 years from the date of the filing of this Complaint.

9. Plaintiff is paid on an hourly basis and no part of Plaintiff's compensation is paid on a salary basis of at least $455.00 per week.

10. Plaintiff regularly works substantial hours, well in excess of forty (40) hours per week.

11. During his employment with Defendants, Plaintiff worked numerous extensive hours and performed his employment duties for which he was not paid the appropriate and legally required overtime wages under the FLSA. Said duties were for the benefit of the Defendants and Plaintiff was required to perform those duties.

12. Prior to, and after the filing of Plaintiff's Complaint, Defendants continuously failed and/or

refused to pay Plaintiff overtime wages for the hours he worked in excess of forty (40) in a workweek although they were legally required to do so under the FLSA.

13. Rather, Defendants embarked upon a willful and illegal campaign, scheme and policy to pay Plaintiff his straight-time hourly rate for all hours worked in excess of forty (40) in a workweek instead of the legally required overtime rate under federal law.

14. In this connection, payment of straight time wages to hourly workers for overtime hours worked (as is the case here) constitutes a willful violation of the FLSA as a matter of law. *See Reich v. Waldbaum, Inc.*, 52 F.3d 35, 41 (2nd Cir. 1995); *Brown v. L & P Industries, LLC*, 2005 WL 3503637 at *10-11 (E.D.Ark. 2005); *Hardrick v. Airway Freight Sys., Inc.*, 63 F.Supp.2d 898, 904 (N.D.Ill. 1999)("[U]nder the FLSA, if a covered hourly employee (such as Plaintiff(s)) works more than forty hours in a given workweek, such employee(s), *per se*, must be paid a rate not less than one and one-half times his regular rate of pay.")(citation omitted).

15. Defendants' illegal scheme and policy affects Plaintiff, and potentially, similarly situated current and former employees of Defendants.

16. Plaintiff is not legally exempt from receiving overtime wages under the FLSA or any United States Department of Labor regulation and no overtime exemption is applicable in this lawsuit.

IV. CAUSE OF ACTION

17. Plaintiff incorporates the preceding paragraphs by reference. Defendants did not pay Plaintiff the legally required overtime wages for all hours worked in excess of forty (40) in a workweek. In this regard, Defendants acted willfully or with reckless disregard as to whether their pay practices, scheme or policy complied with the FLSA.

18. The FLSA requires an employer to pay its employees at no less than one-and-one-half

times their regular rates for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207. The Defendants have failed to do so.

19. Defendants' willful failure to pay Plaintiff overtime wages for the weeks in which he worked in excess of forty (40) hours violated the FLSA.

20. Defendants are liable to Plaintiff for unpaid overtime wages.

21. Defendants are liable to Plaintiff for an equal amount of his unpaid overtime wages as liquidated damages.

22. Plaintiff is also entitled to recover all reasonable attorney's fees and costs incurred in this action. 29 U.S.C. § 216(b).

## V.     JURY DEMAND

23. Plaintiff demands a trial by jury.

## VI.     PRAYER

Plaintiff respectfully requests judgment in his favor awarding:

24. Unpaid overtime wages for each hour worked in excess of forty (40) in a workweek;

25. An equal amount as liquidated damages;

26. Reasonable attorney's fees, costs and litigation expenses;

27. Post judgment interest at the highest rate allowed by law; and

28. Such other and further relief as may be permitted or required by law.

> Respectfully submitted,
>
> By:  /s/ Clark Woodson III
>     CLARK WOODSON III
>     601 East Myrtle
>     Angleton, Texas 77515
>     (979) 849-6080
>     (832) 202-2809
>     clark@woodsonlaborlaw.com
>     State Bar No. 00794880

S.D. Tex. No. 21481
**Attorney for Plaintiff**