## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| **GENE GREEN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:17-cv-00036** |
| | § | |
| **SWIFT TECHNICAL SERVICES LLC,** | § | |
| **SWIFT WORLDWIDE RESOURCES** | § | |
| **LIMITED, AND** | § | |
| **AIRSWIFT HOLDINGS LIMITED,** | § | |
| | § | |
| **Defendants.** | § | |

### DEFENDANT'S ANSWER AND DEFENSES
### TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Swift Technical Services, L.L.C., improperly identified "Swift Technical Services LLC" ("Defendant" or "Swift"),[1] files this Answer and Defenses (its "Answer") to the Amended Complaint ("Complaint") [Dkt. No. 4] filed on March 28, 2017 by Plaintiff Gene Green ("Plaintiff" or "Green").[2]  In support thereof, Swift answers the Complaint as follows:

---

[1] Swift Worldwide Resources Limited is an (inactive) d/b/a of Swift Technical Services, LLC.  Plaintiff may have mistakenly believed it was an actual legal entity, which is why he named it as a putative defendant in this lawsuit.  However, Swift Worldwide Resources Limited does not have a principal place of business, is not incorporated in any state, and is not registered to do business in Texas.  It therefore has no legal existence separate from Swift Technical Services, L.L.C.  *See In re Kibel*, 2011 WL 104275, at *12 (Bank. W.D. Tex. Mar. 16, 2011) (citing *Snowden v. CheckPoint Check Cahsing*, 290 F.3d 631, 635 (4th Cir. 2002) for the proposition that "The use of d/b/a or 'doing business as' to associate a trade name with the corporation using it does not create a legal entity separate from the corporation"); *In re Juliet Homes, LP,* 2010 WL 5256806, at *11 (Bankr. S.D. Tex. Dec. 16, 2010) ("a trade name is not a separate legal entity capable of being sued"); *see also Andreoni v. Forest City Enterprises, Inc.*, 660 F.Supp. 2d 254, 259 (D. Conn. 2009) (refusing to consider citizenship of d/b/a in a removal action because a d/b/a has "no citizenship, aside from the [. . .] corporation that does business under its name").  Since it has no separate legal existence, the undersigned counsel are not filing this Answer on its behalf.

[2] Airswift Holdings Limited is foreign entity that is registered and has its principal place of business in the United Kingdom.  Plaintiff attempted to serve Airswift Holdings Limited by sending the summons and a copy of the Original Complaint to Swift Technical Services, L.L.C.'s address in Houston, Texas, which was delivered via certified mail on March 20, 2017.  However, no officer or authorized agent of Airswift Holdings Limited works or offices at Swift's address in Houston, Texas.  Although Airswift Holdings Limited is not a proper party to this action (since it is not and never has been Plaintiff's employer of record), if Plaintiff still wants to proceed with prosecuting his claims against Airswift Holdings Limited, Plaintiff will need to formally and properly serve Airswift Holdings Limited in the United Kingdom.  Since it has not been properly served, the undersigned counsel are not filing this Answer on its behalf.

<u>**LIMITED GENERAL DENIAL**</u>

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Swift denies all allegations contained in the Complaint that are not specifically admitted in this Answer.

<u>**ANSWER TO PLAINTIFF'S ALLEGATIONS**</u>

In addition to its limited general denial, Swift specifically responds to Plaintiff's allegations as follows (which correspond to the Complaint's numbered paragraphs):

I. <u>**ALLEGATIONS DESCRIBED AS "SUMMARY"**</u>

1. Swift acknowledges that Plaintiff purports to bring this action under the Fair Labor Standards Act ("FLSA") but denies that any such violations have occurred. Swift denies that it has violated any applicable federal or state law, rule or regulation, and denies that Plaintiff is entitled to any of the relief sought. To the best of its knowledge, Swift denies that Plaintiff has properly brought this action against Swift Worldwide Resources Limited or Airswift Holdings Limited. Swift denies the remaining allegations in Paragraph 1 of the Complaint.

II. <u>**ALLEGATIONS DESCRIBED AS "THE PARTIES, JURISDICTION AND VENUE"**</u>

2. Swift admits that it currently employs an individual named "Gene Green." Swift is without sufficient information, however, to admit or deny that *Plaintiff* is currently employed by Swift or currently resides in Brazoria County, Texas. Upon information and belief, Swift admits that Plaintiff resides in the Southern District of Texas as alleged in Paragraph 2 of the Complaint. Swift admits that Brazoria County, Texas is located within the Southern District of Texas. Swift denies the remaining allegations in Paragraph 2 of the Complaint.

3. Swift admits that Swift Technical Services, LLC maintains an office and does business within the Southern District of Texas. Swift denies that Swift Worldwide Resources Limited has an office or does business in the Southern District of Texas since it has no

independent legal existence.  Swift denies the remaining allegations in Paragraph 3 of the Complaint.

      a.      Swift admits the allegations in Paragraph 3(a) of the Complaint.

      b.      Swift denies the allegations in Paragraph 3(b) of the Complaint.

      c.      Swift denies that anyone named "Peter Searle" works or offices at 3050 Post Oak Blvd., Suite 1450, Houston, Texas 77056.  To the best of its knowledge, no officer or registered agent of Airswift Holdings Limited works or offices at said address in Houston, Texas.  Swift denies the remaining allegations in Paragraph 3(c) of the Complaint.

4.      Swift admits that actions brought under the FLSA create federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331, but denies that the Court has jurisdiction over *this action* in light of the binding arbitration agreement signed by Swift and Plaintiff.  Swift denies the remaining allegations in Paragraph 4 of the Complaint.

5.      Swift admits that Paragraph 5 of the Complaint purports to base venue in this District pursuant to 28 U.S.C. § 1391(b) and (c), but denies that any unlawful conduct giving rise to the claims alleged in this lawsuit ever occurred.  Swift admits that Brazoria County, Texas is located within the Southern District of Texas.  Swift denies the remaining allegations in Paragraph 5 of the Complaint.

III. ALLEGATIONS DESCRIBED AS "THE FACTS"

6.      Swift admits that Swift provides global workforce solutions to clients in numerous industries, including the oil and gas industry.  Because it has no separate legal existence, Swift denies that Swift Worldwide Resources Limited specializes in any business or employs anyone.  Swift denies the remaining allegations in Paragraph 6 of the Complaint.

7.     Swift admits that it is located in and does business in Texas.  Swift admits that its annual gross revenue exceeds $500,000.00. Swift denies the remaining allegations in Paragraph 7 of the Complaint.

8.     Swift admits that it currently employs an individual named "Gene Green," and that such individual has been continuously employed by Swift since he was hired.  However, Swift denies that it has employed the individual named "Gene Green" for entire three year period prior to this lawsuit.  Swift denies the remaining allegations in Paragraph 8 of the Complaint.

9.     Swift denies the allegations in Paragraph 9 of the Complaint.

10.     Swift denies the allegations in Paragraph 10 of the Complaint.

11.     Paragraph 11 sets forth legal conclusions to which no response is required.  To the extent a response is required, Swift admits that it currently employs an individual named "Gene Green."  Swift denies the remaining allegations contained in Paragraph 11 of the Complaint.

12.     Paragraph 12 sets forth legal conclusions to which no response is required.  To the extent a response is required, Swift denies the allegations in Paragraph 12 of the Complaint.

13.     Paragraph 13 sets forth legal conclusions to which no response is required.  To the extent a response is required, Swift denies the allegations in Paragraph 13 of the Complaint.

14.     Paragraph 14 sets forth legal conclusions to which no response is required.  To the extent any response is required, Swift denies the allegations in Paragraph 14 of the Complaint.

15.     Paragraph 15 sets forth legal conclusions to which no response is required.  To the extent any response is required, Swift denies that it has violated any applicable federal or state law, rule or regulation, and denies that Plaintiff is entitled to any of the relief sought. Swift denies the remaining allegations in Paragraph 15 of the Complaint.

16.     Paragraph 16 sets forth legal conclusions to which no response is required.  To the extent any response is required, Swift denies the allegations in Paragraph 16 of the Complaint.

IV. ALLEGATIONS DESCRIBED AS "CAUSE OF ACTION"

17.     In response to the first sentence of Paragraph 17, Swift incorporates by reference its answer to each and every allegation in the preceding paragraphs.  The remaining sentences of Paragraph 17 set forth legal conclusions to which no response is required. To the extent any response is required, Swift denies the remaining allegations in Paragraph 17 of the Complaint.

18.     Paragraph 18 purports to recite a statement of law to which no response is required.  To the extent any response is required, Swift denies the implication in Paragraph 18 that *all* employees are eligible for overtime pay for all hours worked in excess of forty (40) in a workweek.  Swift denies the remaining allegations in Paragraph 18 of the Complaint.

19.     Paragraph 19 sets forth legal conclusions to which no response is required.  To the extent any response is required, Swift denies that any violation of the FLSA has occurred or that Plaintiff is entitled to any of the relief sought in his Complaint.  Swift denies the allegations in Paragraph 19 of the Complaint.

20.     Paragraph 20 sets forth legal conclusions to which no response is required.  To the extent any response is required, Swift denies the allegations in Paragraph 20 of the Complaint, and denies that Plaintiff is entitled to the relief sought in that Paragraph.

21.     Paragraph 21 sets forth legal conclusions to which no response is required.  To the extent any response is required, Swift denies the allegations in Paragraph 21 of the Complaint, and denies that Plaintiff is entitled to the relief sought in that Paragraph.

22.     Paragraph 22 sets forth legal conclusions to which no response is required.  To the extent any response is required, Swift denies the allegations in Paragraph 22 of the Complaint,

and denies that Plaintiff is entitled to the relief sought in that Paragraph.

### VII. ALLEGATIONS DESCRIBED AS "JURY DEMAND"

23.     Paragraph 23 contains no factual allegations requiring admission or denial.  To the extent a response is required, Swift admits that in Paragraph 23 of the Complaint, Plaintiff requests a jury trial.  Swift denies that Plaintiff is entitled to a jury trial on all of the claims asserted or relief requested, including any legal or equitable matters reserved for the Court, any claims on which she has presented no material issue of fact and for which she cannot establish as a matter of law on one or more elements upon which she bears the burden of proof, or any matters on which Swift affirmatively establishes a defense barring Plaintiff's claim.

### X. ALLEGATIONS DESCRIBED AS "PRAYER"

No admission or denial is required in response to the unnumbered sentence before Paragraph 24 of the Complaint.

24.     No admission or denial is required in response to the allegations in Paragraph 24. To the extent a response is required, Swift admits that Plaintiff seeks the relief identified in Paragraph 24, but denies that Plaintiff has suffered any damages or entitled to such relief.

25.     No admission or denial is required in response to the allegations in Paragraph 25. To the extent a response is required, Swift admits that Plaintiff seeks the relief identified in Paragraph 25, but denies that Plaintiff has suffered any damages or entitled to such relief.

26.     No admission or denial is required in response to the allegations in Paragraph 26. To the extent a response is required, Swift admits that Plaintiff seeks the relief identified in Paragraph 26, but denies that Plaintiff has suffered any damages or entitled to such relief.

27.     No admission or denial is required in response to the allegations in Paragraph 27. To the extent a response is required, Swift admits that Plaintiff seeks the relief identified in Paragraph 27, but denies that Plaintiff has suffered any damages or entitled to such relief.

28.     No admission or denial is required in response to the allegations in Paragraph 28. To the extent a response is required, Swift admits that Plaintiff seeks the relief identified in Paragraph 28, but denies that Plaintiff has suffered any damages or entitled to such relief.

### DEFENSES AND AFFIRMATIVE DEFENSES

Without conceding that it bears the burden of proof as to any issue, Swift asserts the following defenses and affirmative defenses to some or all of Plaintiff's claims and/or damage requests, each in the alternative and to the extent necessary and applicable:

1.     Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Complaint fails to state a claim, in whole or in part, upon which relief may be granted against Swift.

2.     Pursuant to Federal Rule of Civil Procedure 8(a), failure to plead with sufficient facts and specificity.

3.     This Court lacks subject matter jurisdiction over some or all of the claims.

4.     To the extent Plaintiff signed and/or is subject to a binding agreement to arbitrate employment disputes with Swift, that agreement precludes Plaintiff from pursuing his alleged claims before this Court.

5.     The Complaint fails to state facts sufficient to support an award of actual, compensatory, punitive, exemplary or liquidated damages.  Plaintiff's claims are therefore speculative, uncertain, theoretical and non-justiciable.

6.     Plaintiff lacks standing to raise any claims against Swift Worldwide Resources Limited or Airswift Holdings Limited since he was never employed by either of them.

7.     Swift took no actions in violation of any federal, state or local law, rule, or regulation, including without limitation the FLSA and its implementing regulations.  Instead, Swift acted in compliance with all applicable employment laws at all times.

8.     Without admitting any violation of the FLSA, any act or omission by Swift with respect to the matters at issue was made in good faith and in compliance with all applicable statutes, regulations, orders and rulings.  Swifts acted reasonably and in good faith at all material times to this proceeding based on the facts and circumstances available and known to it at the time.  Swift had reasonable grounds to believe that its acts or omission did not violate the FLSA.

9.     Plaintiff's claims are barred, in whole or in part, to the extent the alleged actions or inactions of Swift's agents, employees or representatives, if they occurred, were not performed or taken within the course and scope of their employment.

10.     Plaintiff's alleged injuries or damages, if any, were caused by an intervening, superseding event for which Swift is in no way liable.  Even if the Court finds that Plaintiff has been injured or damaged as alleged, such injuries or damages were caused by Plaintiff's own acts or omissions, by the acts or omissions of third parties beyond Swift's control, or by the acts or omissions of third parties for which Swift is not responsible.

11.     Plaintiff's claims are barred, in whole or in part, by the doctrine(s) of waiver, laches, consent, acquiescence, ratification, unclean hands, failure of conditions precedent, after-acquired evidence, mitigation, *res judicata*, statute-of frauds, statute or other periods of repose or limitations, accord and satisfaction, spoliation, lack of authority, collateral or judicial estoppel, and/or negligent or intentional misrepresentation.

12.     Plaintiff's claims are barred, in whole or in part, because he received, or was offered and refused, all payments to which he was entitled under the law pursuant to 29 U.S.C. § 216(c) or otherwise.  Plaintiff cannot seek to obtain damages for which he has already been compensated by a collateral source.  Plaintiff's claims are barred, in whole or in part, by the doctrine of unjust enrichment.

13.     Plaintiff was covered by one or more of the overtime exemptions or exclusions contained in or implied by all applicable federal laws, rules, and regulations, including, but not limited to those provided for in 29 U.S.C. §§ 207 and 213, as well as 29 C.F.R. Part 541. Thus, Plaintiff was exempt from the overtime requirements of the FLSA under the administrative exemption because he exercised discretion and judgment on matters of significance, the executive exemption because his primary duty was management of an enterprise and he directed the work of two or more employees, the outside sales exemption because he was customarily and regularly engaged in sales away from Swift's business, combination exemption, highly-compensated exemption of the executive or administrative exemptions, and/or the Motor Carrier Act because he drove vehicles weighing in excess of 10,000 pounds across state lines.

14.     If Plaintiff performed work activities that he did not record as work and for which he was not paid, Swift did not permit, know of, or have reason to know of those work activities or the time spent in performing those activities.  Therefore, time spent in performing such activities does not constitute "hours worked" or "employment" for which compensation is due.

15.     The activities for which Plaintiff seeks compensation were not "work" under the meaning of the FLSA.  The activities were not integral and indispensable to the principal activities of his employment and/or were for his own benefit or convenience.  To the extent Plaintiff worked any uncompensated time, Swift lacked actual or constructive knowledge of such work activities or the time spent in performing those activities.

16.     Some or all of the time Plaintiff spent performing uncompensated work, if any, does not count as hours worked or compensable time because:  (a) any activities performed were not suffered or permitted; (b) the time was commuting, travelling, walking, or waiting time that is excluded from hours worked; (c) the time was preliminary or postliminary time that is

excluded from hours worked; (d) the time is *de minimis* time that is excluded from hours worked; (e) the time is otherwise excluded from hours worked under the Portal-to-Portal Act and related provisions; (f) the time is non-compensable under relevant custom and practice; and/or (g) the alleged work or activities did not occur or were not actually conducted.

17.    Plaintiff's claims are barred by the applicable statutes of limitation governing commencement of suit and/or recovery of relief of any nature, legal or equitable, or otherwise available under the FLSA, including, without limitation, unpaid overtime wages, liquidated damages, prejudgment interest, and attorneys' fees and costs.

18.    To the extent Swift is found liable for any unpaid wages or other amounts, Swift claims a credit or setoff for (a) all amounts actually paid to Plaintiff, (b) all amounts advanced or paid in excess of that to which Plaintiff was legally entitled, (c) all amounts paid as premium rates that were not calculated as part of his regular rates, (d) all times that Plaintiff reported or claimed as work time that he did not in fact work, (e) all amounts of time to which Plaintiff was not entitled under the relevant wage statutes, (f) all other amounts or time that Plaintiff received or took to which Plaintiff was not entitled, if any, and (g) all other amounts that may be lawfully deducted from any amount awarded to Plaintiff under the FLSA and/or applicable law.

19.    No act or omission of Swift that is alleged to have violated the FLSA was willful, knowing, or in reckless disregard for the provisions of the law.  Therefore, Plaintiff is not entitled to penalty, multiplication of or addition to damages (including liquidate damages), or extension of any statute of limitations period.

20.    Plaintiff's claims are barred by the doctrine of estoppel.  Plaintiff is estopped from bringing a cause of action under the FLSA or from receiving time and one-half for any hours worked in excess of forty in a work week because he, among other things, accepted the

denominated rate of pay and/or failed or refused to comply with the prevailing terms, conditions, policies, and/or procedures governing his employment.   To the extent the evidence shows Plaintiff may have misled Swift concerning working hours or compensable activities, Plaintiff should not profit from these actions.

21.     If the Court finds that any wages are due, such wages are limited to the minimum wage and overtime.   Swift intends to rely on the alternative methods for determining minimum wage compliance, the regular rate, and overtime provided under the FLSA.

22.     No award of attorneys' fees could be appropriate or reasonable for Plaintiff under the FLSA because Plaintiff was paid above minimum wage, was paid all amounts due, and failed to identify or report the time or amounts he seeks or claims as due.

23.     To the extent allowed by law, Swift seeks recovery of its reasonable and necessary attorneys' fees and costs.

24.     Swift hereby gives notice that it may rely upon other applicable defenses and affirmative defenses as may become available or apparent during the course of discovery in this case.   Swift hereby reserves the right to amend this Answer; to add additional defenses or affirmative defenses; to delete or withdraw any of its defenses or affirmative defenses; to seek attorneys' fees and costs under any applicable law; and to add counterclaims as may become necessary after a reasonable opportunity for discovery.

<u>**PRAYER**</u>

Swift respectfully requests that Plaintiff take nothing in this suit; that Plaintiff's claims be dismissed *with prejudice*; that all relief prayed for by Plaintiff be denied; and that the Court enter final judgment in favor of Swift and against Plaintiff on all claims.   Swift further requests that the Court award Swift its attorneys' fees, costs of court and litigation expenses incurred in

11

connection with the defense of this matter as well as any other or additional relief as the Court deems just and equitable.

Dated:  April 24, 2016

Respectfully submitted,

JACKSON LEWIS P.C.

By:  */s/ William R. Stukenberg*
          William R. Stukenberg
          Texas Bar No. 24051397
          S.D. Tex. Bar No. 55792

1415 Louisiana, Suite 3325
Houston, Texas 77002
Telephone:   (713) 650-0404
Facsimile:   (713) 650-0405
Email:  william.stukenberg@jacksonlewis.com

OF COUNSEL:

Michael J. Lombardino
Texas Bar No. 24070159
S.D. Tex. Bar No. 1580053
JACKSON LEWIS P.C.
Wedge International Tower
1415 Louisiana, Suite 3325
Houston, Texas 77002
Telephone:   (713) 568-7855
Facsimile:   (713) 650-0405
Email:  michael.lombardino@jacksonlewis.com

ATTORNEY-IN-CHARGE FOR SWIFT TECHNICAL
SERVICES, LLCS

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing document in accordance with the protocols for e-filing through the CM/ECF system in the United States District Court for the Southern District of Texas, Houston Division, on April 24, 2017, and therefore has been served upon the following counsel for Plaintiff in accordance with such e-filing protocols:

Clark Woodson III
601 East Myrtle
Angleton, Texas 77515
*Counsel for Plaintiff*

*/s/  William R. Stukenberg*
William Stukenberg

13